E. Lee Morris
Texas Bar No. 00788079
Deborah M. Perry
Texas Bar No. 24002755
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

*Attorneys for Debtor and Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PAUL REINHART, INC., | § | Case No. 08-35283-HDH-11 |
| | § | |
| Debtor. | § | |

**DEBTOR'S MOTION FOR ENTRY OF AGREED ORDER
AUTHORIZING DEBTOR'S TURNOVER OF CASH COLLATERAL
TO THE BANK AGENT ON THE EFFECTIVE DATE OF THE
SECOND AMENDED JOINT PLAN OF LIQUIDATION**

TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE:

COMES NOW Paul Reinhart, Inc. (the "Debtor"), the debtor and debtor in possession herein, and files its Motion for Entry of Agreed Order Authorizing Debtor's Turnover of Cash Collateral to the Bank Agent on the Effective Date of the Second Amended Joint Plan of Liquidation (the "Motion"), pursuant to Fed. R. Bankr. P. 4001(d), respectfully stating as follows:

**Procedural Background**

1. On October 15, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") thereby initiating the above-captioned case with the Court (the "Bankruptcy

Case"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating and managing its business and properties as a debtor in possession.

2. On October 28, 2008, the U.S. Trustee's Office appointed an Official Committee of Unsecured Creditors in the Bankruptcy Case (the "Committee"). As of the date hereof, no trustee, examiner or other statutory creditors' committees have been appointed in the Bankruptcy Case.

3. The Court has jurisdiction over the Bankruptcy Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Factual Background**

**A.      History of Cash Collateral Orders and Extensions**

4. On October 21, 2008, the Debtor filed the *Debtor's Motion for Entry of Order (A) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c) or, Alternatively, Approving Case Administration Funding Agreement with PRAI Texas, Inc. and (B) For Relief Related Thereto* [Docket No. 55] (the "Cash Collateral Motion"). On October 24, 2008, Wells Fargo HSBC Trade Bank, National Association (the "Bank Agent" or "Agent"), as administrative agent for the Debtor's pre-petition lenders (collectively, the "Lenders"), filed an Objection to the Cash Collateral Motion [Docket No. 77] (the "Lenders' Objection").

5. Following the Committee's appointment, the Debtor, the Bank Agent, and the Committee reached agreement on the terms of a proposed agreed order in resolution of the Cash Collateral Motion and the Lenders' Objection, and on November 6, 2008, the Debtor filed a

Supplement to the Cash Collateral Motion to provide notice of the proposed agreed order [Docket No. 118] (the "Cash Collateral Motion Supplement").

6. On November 10, 2008, the Court entered the *Final Agreed Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection to Existing Lienholders* [Docket No. 128] (the "Cash Collateral Order"). Pursuant to the Cash Collateral Order, the Court, among other things:

(a) Established a deadline of November 28, 2008 for the filing of any objections to the terms of the Cash Collateral Order (the "Objection Deadline");

(b) Established an initial expiration date of February 27, 2009 under the Cash Collateral Order (the "Expiration Date"), subject to extension by written agreement of the Debtor and the Agent and subject to earlier termination upon notice of an Event of Default; and

(d) Ordered that one of the events that would constitute an Event of Default under the terms of the Cash Collateral Order is "the filing … of a plan of reorganization by the Debtor that is not otherwise acceptable to the Agent in the treatment of the Pre-Petition Claim[s] [of the Lenders], in its sole and absolute discretion" (the "Plan Filing Default").

7. On November 24, 2008, Dallas County, Cameron County, the City of Harlingen, Harlingen Consolidated Independent School District, and the City of Richardson (collectively, the "Texas Taxing Authorities") filed their joint Objection to the Cash Collateral Order [Docket No. 167] (the "Taxing Authority Objection"). No other objections to the Cash Collateral Order were filed by the Objection Deadline. However, certain informal objections to the Cash Collateral Order were raised by the U.S. Trustee's Office (the "UST") and Cooperative Marketing Alliance ("CoMark") (collectively, the "Informal Objections").

8. In resolution of the Taxing Authority Objection and the Informal Objections, the Debtor, the Bank Agent, the Committee, the Texas Taxing Authorities, the UST and CoMark agreed to the terms of an amendment to the Cash Collateral Order, and on November 25, 2008,

the Court entered a *First Amendment to Final Agreed Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection to Existing Lienholders* [Docket No. 171] (the "First Amendment").  Later, on January 9, 2009, the Court entered an agreed *Second Amendment to Final Agreed Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection to Existing Lienholders* [Docket No. 209] (the "Second Amendment") for the sole purpose of extending a deadline under the Cash Collateral Order related to the commencement of litigation against the Lenders by the Debtor or the Committee.

9. By agreement among the Debtor, the Bank Agent and the Committee, the Expiration Date of the Cash Collateral Order was twice extended, with the Debtor providing notice of the extensions and the accompanying updated, approved budgets to notice parties in the case.  *See* Docket Nos. 256 and 266 (collectively, the "Expiration Date Extension Notices").

10. On April 13, 2009, the Debtor and the Committee filed the *Debtor's and Official Unsecured Creditors' Committee's Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code* [Docket No. 294] (the "Prior Plan").  The Prior Plan, among other things, provided for the equitable subordination of the Lenders' Pre-Petition Claims and, as anticipated, the Bank Agent notified the Debtor that the Prior Plan's treatment of the Lenders' Pre-Petition Claims was not acceptable.  Consequently, the filing of the Prior Plan triggered a Plan Filing Default, thereby terminating the Debtor's authorization to use cash collateral under the strict terms of the Cash Collateral Order.

11. Thereafter, the Debtor and the Bank Agent agreed to the terms of an agreed order for a limited forbearance and extension of the Debtor's authority to use cash collateral, and on April 29, 2009, the Court entered the *Limited Forbearance and Agreed Order Extending Debtor's Authority to Use Cash Collateral Pursuant to Final Agreed Order Authorizing Limited*

*Use of Cash Collateral and Granting Adequate Protection to Existing Lienholders* [Docket No. 317] (the "Initial Forbearance-Extension Order").  Among other things, the Initial Forbearance-Extension Order provided for the forbearance of the Bank Agent's/Lenders' exercise of remedies under the Cash Collateral Order and provided for the Debtor's continuing authority to use cash collateral, in each case through May 18, 2009 (the "Forbearance Expiration Date"), subject to further extension by written agreement between the Debtor and the Bank Agent and subject to earlier termination in the event an additional Event of Default.

12. By agreement between the Debtor and the Bank Agent, the Forbearance Expiration Date has been further extended on several occasions, either by separately-entered agreed forbearance/extension orders of the Court [Docket Nos. 356, 438, 509, and 545] (collectively, the "Subsequent Forbearance-Extension Orders," and together with the Initial Forbearance-Extension Order, the "Forbearance-Extension Orders") or by notices filed by the Debtor and served on notice parties in the case [Docket Nos. 332, 386, 471, 487, 522 and 528] (collectively, the "Subsequent Forbearance Expiration Date Extension Notices," and together with the Initial Forbearance Expiration Date Extension Notice, the "Forbearance Expiration Date Extension Notices").  Pursuant to such orders and notices, the Debtor's authority to use cash collateral has been extended until April 2, 2010, subject to the terms and conditions of the Cash Collateral Order (as modified by such orders/notices).

**B.     The Mediated Settlement**

13. On September 30, 2009, each of the key parties in the case[1] engaged in a mediation before The Honorable Marvin Isgur, Chief Judge of the U.S. Bankruptcy Court for the

---

[1] Among the participants were the Debtor, the Committee, the Bank Agent, the Lenders, the Debtor's direct and indirect parent corporations, the East Plaintiffs, and CoMark.

Southern District of Texas, in an effort to reach agreement on the terms of a global resolution to the case. The mediation was successful and resulted in the parties' execution of a Mediated Settlement Agreement.

14. On December 21, 2009, the Debtor and the Committee filed an amended joint motion for approval of the Mediated Settlement Agreement [Docket No. 527] (the "<u>Settlement Motion</u>"). As contemplated by the Mediated Settlement Agreement, on December 29, 2009, the Debtor and the Committee also filed their second amended joint plan of liquidation [Docket No. 533] (the "<u>Plan</u>") which both incorporates the Mediated Settlement Agreement and includes provisions designed to facilitate consummation of the agreement.

15. On March 1, 2010, the Court conducted a hearing to consider the Settlement Motion and confirmation of the Plan. At the conclusion of the hearing, the Court announced its approval of the Mediated Settlement Agreement and confirmation of the Plan. Thereafter, on March 17, 2010, the Court entered an order approving the Mediated Settlement Agreement [Docket No. 608], and on March 18, 2010, the Court entered an order confirming the Plan [Docket No. 611].

C. **Proposed Disposition of Remaining Cash Collateral on Effective Date of Plan**

16. In contemplation of confirmation of the Plan, at the conclusion of the March 1, 2010 hearing, the Debtor and the Bank Agent announced to the Court and other parties present through counsel at the hearing that they had reached agreement on the disposition of cash collateral on the Plan's Effective Date (as "Effective Date" is defined within the Plan). In follow-up to the announcement, the Debtor and the Bank Agent, with the consent and approval of the Committee, have agreed to the terms of a proposed *Stipulation and Agreed Order Authorizing and Directing the Debtor's Turnover of Cash Collateral to the Agent for the Pre-*

*Petition Lenders on the Effective Date of the Second Amended Joint Plan of Liquidation* (the "Proposed Agreed Order"), a true and correct copy of which is attached hereto as **Exhibit A**. Under the terms of the Proposed Agreed Order, the Debtor will be "authorized and directed to transfer all Excess Cash Collateral[2] to the Bank Agent on the Effective Date of the Plan."

### Request for Relief

17. By and through this Motion, the Debtor respectfully requests entry of the Proposed Agreed Order. Such request is made pursuant to Bankruptcy Rule 4001(d).

18. Bankruptcy Rule 4001(d) establishes various procedures applicable to presentment of an agreement on use of cash collateral, including requirements as to the contents, filing and service of a motion for approval of the agreement, the establishment of the objection period applicable to such a motion, and the manner of disposition of the motion. *See* Fed. R. Bankr. P. 4001(d)(1)-(3). Importantly, subjection (d)(4) of Bankruptcy Rule 4001 provides that these formalities may be dispensed with, permitting immediate approval of the agreement, if the terms of the agreement are consistent with, or reasonably contemplated by, prior filings in the case as to which parties in interest were afforded reasonable notice and an opportunity for a hearing. Specifically, subsection (d)(4) provides:

> *Agreement in Settlement of Motion.* The court may direct that the procedures prescribed in paragraphs (1), (2), and (3) of this subdivision shall not apply and the agreement may be approved without further notice if the court determines that a motion made pursuant to subdivision … (b) … of this rule [cash collateral motion] was sufficient to afford reasonable notice of the material provisions of the agreement and opportunity for a hearing.

Fed. R. Bankr. P. 4001(d)(4).

---

[2] "Excess Cash Collateral" is defined under the Proposed Agreed Order as "all Cash Collateral other than (i) amounts currently held in reserve in accordance with the Cash Collateral Order and the Budget to pay fees and expenses of the Debtor's Professionals and Committee's Professionals incurred prior to the Effective Date, and (ii) amounts necessary to pay any outstanding checks or pending wire transfers for Budgeted costs and expenses incurred on or prior to the Effective Date."

19. In the present case, the Cash Collateral Motion, the Cash Collateral Motion Supplement, the Cash Collateral Order, the Amendments ordered thereto, the Expiration Date Extension Notices, the Forbearance-Extension Orders, and the Forbearance Expiration Date Extension Notices (collectively, the "Cash Collateral Documents") have all been served on all parties in interest entitled to notice in the case. Additionally, the Plan, which provides for all of the Excess Cash Collateral to be paid to the Bank Agent for the benefit of the Lenders (as holders of Class 1 Allowed Lender Secured Claims),[3] has also been served on all parties in interest entitled to notice in the case.

20. Hence, in light of foregoing, the Debtor submits that the terms of the Proposed Agreed Order are reasonably contemplated by the Cash Collateral Documents and Plan. In fact, arguably an order approving the agreement reached between the Debtor and Bank Agent/Lenders under the terms of the Proposed Agreed Order is not necessary because the Cash Collateral Order (as modified by each of the other Cash Collateral Documents) establishes a process for cash collateral usage and disposition. Even so, and as noted above, the Debtor has consulted with the Committee, and the Committee has approved entry of the Proposed Agreed Order.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court (a) enter the Proposed Agreed Order, and (b) provide the Debtor such other and further relief as to which it has shown itself to be justly entitled.

---

[3] *See* Plan, § 4.1.1(a).

**DEBTOR'S MOTION FOR ENTRY OF AGREED ORDER AUTHORIZING DEBTOR'S
TURNOVER OF CASH COLLATERAL TO THE BANK AGENT ON THE EFFECTIVE
DATE OF THE SECOND AMENDED JOINT PLAN OF LIQUIDATION** – Page 8

Respectfully submitted on this 18th day of March, 2010.

**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

By: /s/ E. Lee Morris
    E. Lee Morris
    Texas Bar No. 00788079
    Deborah M. Perry
    Texas Bar No. 24002755

**ATTORNEYS FOR THE DEBTOR AND
DEBTOR IN POSSESSION**

# CERTIFICATE OF SERVICE

This is to certify that on the 18th day of March, 2010, a true and correct copy of the foregoing pleading (including Exhibit A) was served (i) by ECF transmission on all registered ECF users in this case, (ii) by U.S. first class mail, postage prepaid, on all parties in interest listed on the attached Official Service List, and (iii) by electronic transmission on the following parties:

Wells Fargo HSBC Trade Bank, N.A.,
Agent for the Pre-Petition Lenders
c/o Vinson & Elkins LLP
Attn: William L. Wallander and
Clayton T. Hufft
Email: bwallander@velaw.com
Email: chufft@velaw.com

Official Unsecured Creditors' Committee
c/o Rochelle McCullough LLP
Attn: Sean J. McCaffity
Email: smccaffity@rhmlawyers.com

United States Trustee
Office of U.S. Trustee
Attn: George F. McElreath
Email: george.f.mcelreath@usdoj.gov

    /s/ E. Lee Morris
     E. Lee Morris